Bircharb, J.
This writ is prosecuted to reverse certain pro*ceedings of the Court of Common Pleas of Pike county, had upon the petition, of defendant as administratrix, for the sale of' lands under the act of 1824. ■ The petition was in the usual form, and set forth that these plaintiffs were minors, and. prayed the appointment of a guardian ad litem for them. A guardian was appointed by the Court, who entered, a yoluntary'appearance for them, and filed an answer. The petition was heard, an appraisal made, and a sale ordered and made pursuant to the statute, approved by the Court, and a deed ordered. •
Three errors are assigned:
First: That the plaintiffs were not served with- process, or in any way notified of the pendency of the suit. ■ ■
Second: That the lands were sold without'any order of Court.
Third: That the sale was for less than the law justified.
Before considering these errors, there is another matter to be noticed. The plaintiffs have filed a paper, signed by them, *716 dated December 10, 1845, stating that they never authorized *^is proceeding, being satisfied if any error exists therein it would be dishonest in'them to take advantage of it, as the property which passed by the proceedings sought to be reversed, went to the satisfaction of the creditors of their deceased father; and having no interest in the subject matter, having released and transferred any that they might have had to John Prather, the present owner of the property, they desire that the same may be dismissed.
In opposition to this, Le Grand Byingtori has filed a deed of quit claim to himself, for the land in dispute, executed by E. F. Lewis, one of the plaintiffs, dated Nov. 23,' 1844; and the question arises, does this deed prevent the plaintiffs 'from dismissing this writ of certiorari? We, think it does not. The deed itself purports to convey no right whatever, save such as E. F. Lewis then had in the lands. It does not profess to confer any right to use the name of the releasor in prosecuting this or any other suit; and it cannot, by implication, be so extended as to embrace a case like this, which the grantor considers dishonest.
A contract with an attorney to prosecute a suit containing a stipulation, that the party should not have the privilege to settle or discontinue it, without the assent of the attorney, would be so much against good policy, that the Court would not enforce it. Much less will a Court raise an implied contract, in order to encourage and foster litigation. This writ of certiorari will therefore be entered as dismissed by order of the plaintiffs.
Had not the plaintiffs interposed this order, the error first assigned would have been disposed of in accordance with the principles settled-in the case of Robb v. Irwin, decided at.this term.
The second and third assignments are not sustained by the record.
Writ Dismissed.